In the Matter of the Application of WALTER E. HAMMOND and FANNY S. SWEENEY, Petitioners, against WILLIAM GORHAM RICE and Others, as Commissioners of the Department of Civil Service of the State of New York, Defendants.

Third Department, November 14, 1933.

*Charles J. McDermott* and *John P. Carroll*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the defendants.

*Almeth W. Hoff*, for Berry H. Horne, *amicus curiæ*.

BLISS, J. This is a submission of a controversy upon agreed facts pursuant to sections 546, 547 and 548 of the Civil Practice Act. The following are the agreed facts in the case of petitioner Hammond: He is a resident of Richmond county in the Second Judicial District and is a skilled stenographer, having been official stenographer to the County Court and Surrogate's Court of Richmond county. On March 19, 1932, the defendants called an examination for the office of "Supreme Court stenographer, First and Second Judicial Districts," which examination was held on May 21, 1932, and open only to legal residents of the First and Second Judicial Districts. Hammond took the examination and on August 31, 1932, the defendants notified him that he passed the examination above the minimum of seventy-five per cent and that his name had been placed upon the proper list of applicants eligible for appointment. The defendants certified that his standing in the examination was ninety-eight and two one-hundredths per cent, and that his name was number 1 on the eligible list. Prior to September 27, 1932, the justices of the Supreme Court residing in Kings county requested the State Civil Service Commission to certify to them from the list resulting from the examination held on May 21, 1932, the names of applicants eligible for appointment as Supreme Court stenographer and the defendants certified to said justices certain names, but omitted from such certification the name of petitioner. They submitted the names of only those on the general eligible list who were residents of Kings county. The petitioner then made a demand upon the defendants to immediately certify to the said ustices his name on the eligible list, which request the defendants denied.

The following question is then submitted to this court: "Was the above named petitioner legally entitled to have the above named William Gorham Rice, John C. Clark, and Howard G. E. Smith, as Commissioners of the Department of Civil Service of the State of New York, in pursuance of the authority conferred by law on said Department of Civil Service, to certify to the Justices of the Supreme Court residing in the County of Kings, the name of the petitioner herein, and his position on the list as qualified for appointment to the office or position of Supreme Court Stenographer, First and Second Judicial Districts, and to certify him as eligible and qualified for the appointment of Supreme Court Stenographer in the Supreme Court of Kings County?"

The agreed facts as to the petitioner Sweeney are the same as those concerning the petitioner Hammond except that she is a resident of Queens county in the Second Judicial District; that her standing on the examination was ninety-seven and eighty-seven

one-hundredths per cent and that her relative standing on the list was number 1a, or number 2. Likewise her name was omitted from the eligible list certified by the defendants to the justices of the Supreme Court residing in Kings county, and after demand the defendants have refused to certify her name on such eligible list.

As to the petitioner Sweeney the following submission is made: "And upon this petition, describing the status of the said Fanny S. Sweeney, she seeks the same relief as may be awarded to her co-petitioner, viz., that a peremptory mandamus order be granted directing the defendants herein as Commissioners of the Department of Civil Service of the State of New York to certify to the Justices of the Supreme Court residing in Kings County, the name of your petitioner, and her position on the list as qualified for appointment to the office or position of Supreme Court Stenographer, First and Second Judicial Districts, and certifying her as eligible and qualified for the appointment of Supreme Court Stenographer in the Supreme Court of Kings County."

The stipulations provided that if the questions submitted are answered in the affirmative, then judgment is to be rendered in favor of the petitioners directing that a peremptory order of mandamus be granted commanding the State Civil Service Commissioners to certify their names to the justices of the Supreme Court residing in Kings county, as eligible and qualified for appointment to the office of Supreme Court stenographer in Kings county.

Section 546 of the Civil Practice Act provides that the parties to a question in difference " which might be the subject of an action or special proceeding " may submit such question to the court upon an agreed statement of facts. The question here might be the subject of a special proceeding.

The status of these two petitioners is the same. Each is a resident of the Second Judicial District but neither resides in Kings county. Each is asking to have his or her name submitted to the Supreme Court justices residing in Kings county as eligible to the position of Supreme Court stenographer in Kings county.

Article VI, section 1, of the New York State Constitution provides for the continuance of the existing judicial districts of the State and section 140 of the Judiciary Law provides that the Second Judicial District shall consist of the counties of Richmond, Kings, Queens, Nassau and Suffolk.

The following portions of the Judiciary Law apply:

Subdivisions 2 and 3 of section 161:

" 2. The justices of the supreme court, residing in the county of Kings, or a majority of them, may appoint and may at pleasure remove sixteen stenographers.

542

"3. The justices of the supreme court for the second judicial district, who do not reside in the county of Kings, or a majority of them may appoint, and may at pleasure remove twelve stenographers."

Subdivisions 1 and 2 of section 309:

"§ 309. Stenographers appointed by justices of supreme court to attend terms. 1. The stenographers appointed pursuant to section one hundred and sixty-one of this chapter, by the justices of the supreme court, residing in the county of Kings, shall severally attend, as directed by the respective justices appointing them, the terms of the appellate division and trial and special terms of the supreme court, in the county of Kings.

"2. Each of the stenographers appointed pursuant to said section one hundred and sixty-one, by the justices of the supreme court, for the second judicial district, who do not reside in the county of Kings, must attend as directed by the justice appointing him the trial and special terms of the supreme court, held in the counties of Suffolk, Queens, Nassau and Richmond, or either of them, and, when not thus officially engaged, the stated terms of the county court, in each of those counties."

Subdivisions 1 and 2 of section 316:

"§ 316. Salary of stenographers appointed by justices of the supreme court residing in the second judicial district, * * * 1. The stenographers appointed pursuant to section one hundred and sixty-one of this chapter, by the justices of the supreme court residing in the county of Kings shall receive an annual salary to be fixed by said justices, or a majority of them, and the expenses thereof shall be raised with the annual tax levy as a county charge. * * *

"2. Each stenographer appointed as prescribed in section one hundred and sixty-one of this chapter, by the justices of the supreme court for the second judicial district who do not reside in the county of Kings, shall receive an annual salary to be fixed by said justices, or a majority of them subject to the approval of the board of estimate and apportionment of the city of New York, at not to exceed six thousand dollars. To make up and pay the salaries specified in this subdivision, the board of supervisors of each of the counties in said district must annually levy, and cause to be collected, as a county charge, a proportionate part of the sum necessary to pay the same, to be fixed by the comptroller of the state, in accordance with the amount of the taxable real and personal property in each county, as shown by the last annual assessment-roll therein. The treasurer of each county must pay over the sum so raised, to the comptroller of the state, who must

thereupon pay the salary of each stenographer, in equal monthly payments, under the direction of the justices making the appointment."

Section 3 of the Public Officers Law provides that " No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, be, * * * if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, * * * or within which his official functions are required to be exercised."

Section 2 of the same law provides that " The term ' state officer ' includes * * * justices of the supreme court * * * and every officer, appointed by one or more state officers, * * * and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state * * *. The term ' local officer ' includes * * * every officer of a political subdivision or municipal corporation of the state, and every officer limited in the execution of his official functions to a portion only of the state. The office of a state officer is a state office. The office of a local officer is a local office."

We have quoted at length from the various statutes creating the office which these petitioners seek and defining its functions and the manner of payment therefor so that the entire scheme of the law may be the more easily visualized. We have here a judicial district with two separate and distinct groups of Supreme Court stenographers serving therein. The first group, being the one to which these petitioners seek appointment, is appointed by the justices of the Supreme Court residing in Kings county. The official functions of this group are all exercised within the county of Kings. They receive their compensation from an annual tax levied as a county charge, presumably upon the county of Kings. They clearly come within the term " local officer " as defined by the Public Officers Law and theirs is a local office. Consequently under section 3 of the Public Officers Law, they must, at the time they shall be chosen to such public office, be residents of the political subdivision or municipal corporation of the State within which their official functions would be required to be exercised. In this instance such political subdivision is the county of Kings and they must, therefore, be residents of the county of Kings in order to be capable of holding the office which they seek.

The State Civil Service Commission was entirely within the law in certifying to the justices residing in Kings county an eligible list containing only the names of residents of Kings county.

The second group is appointed by the Second District justices residing outside of Kings county and their official functions are exercised outside of Kings county. This office is not here involved and needs no discussion.

The application of each petitioner for a peremptory order of mandamus is denied, with fifty dollars costs in each case.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

The application of each petitioner for a peremptory order of mandamus is denied, with fifty dollars costs in each case.