EDWARD J. CAMPBELL, as President of the LOCKSLEY PARK TAX-PAYERS' ASSOCIATION, for the Benefit of Himself and All Members of Said Association, and GILBERT E. HARRISON, Plaintiffs, *v.* THE TOWN OF HAMBURG and Another, Defendants.

Supreme Court, Erie County, June 27, 1935.

*Frank F. Williams* [*Robert J. Lansdowne* of counsel], for the plaintiffs.

*Piper, Andrew & Sherwood* [*R. Foster Piper* of counsel], for the defendants.

HINKLEY, J. This action is brought for declaratory and injunctive relief to interpret certain clauses of a deed and to restrain defendants from violating the same. The property included in the deed is located within the boundaries of the defendant town of Hamburg, between the shore of Lake Erie and the main highway leading west from the city of Buffalo. The town of Hamburg is adjacent to and the premises are situated near the said city.

Although the instrument of conveyance contains a method of compulsory reversion no relief is sought under that provision of the deed. Upon the trial it was indicated that the corporate grantor had passed out of existence without a designated successor. In that event, then, notwithstanding the terms of the grant, the reversionary relief is forever lost. (*Towle* v. *Remsen*, 70 N. Y. 303.)

The right of these plaintiffs to seek relief in this action has not been questioned by the defendants. Authority for the same may be found in the grant itself. (*Village of Riverside* v. *MacLain*, 210 Ill. 308; 71 N. E. 408, cited in *Williams* v. *Gallatin*, 229 N. Y. 248, at p. 253; *Bennett* v. *Petrino*, 235 id. 474.)

Prior to the giving of the deed, the provisions of which are in question, the grantor, Locksley Park Company, had set aside the land included therein for a private park. On October 5, 1914, the town of Hamburg acquired by deed of purchase that private park. The town became vested with the fee subject to the restrictions set forth in the deed. (18 C. J. 336; *Abbott* v. *Curran*, 98 N. Y. 665.) Exact nomenclature is unnecessary in the designation of the restrictive clauses as no forfeiture is sought. For the purpose of this decision they may be termed " subsequent, restrictive covenants running with the land." The following excerpts from the deed present all of the clauses and portions of clauses germane to this action:

" This grant is taken and accepted by the grantee subject, however, to the following covenants and restrictions which the said grantee, the Town of Hamburg undertakes and agrees to conform to and comply with viz.:—

"(1) The said premises shall be maintained and used by said Town of Hamburg in perpetuity as a ' Park ' for the use and benefit of citizens and residents of the Town of Hamburg * * *

"(2) The said ' Park ' shall be forever preserved in a state of nature and without artificial embellishment, trees, and shrubs, may be planted, and paths laid out but no artificial ornamentation shall be permitted and no building or structure, of any kind shall be placed on the property except a small house, to be not over one story high above the top of the high bank to be used for rest and convenience of people using the park, for refuge in case of storms and for residence for a keeper, the same to be located in a position to be approved by representatives of the grantor, near the present roadway to the beach and to be of neat and tasty design; and in this house or near it there may be rooms for bathers and also boats or detached bath and boat houses so located as to be as inconspicuous as possible. No refreshments shall be sold on the premises, unless sold from the rest house above mentioned. * * *

"(4) A place shall be provided at some convenient spot at or near the foot of the cliff for horses, vehicles and automobiles, and no horses, vehicles or automobiles shall be permitted to stand on the Lake Shore Road, or on that part of the 'Park' above the cliff unless some convenient place may be selected and approved by the party of the first part. * * *

"(6) No nuisance nor anything of an objectionable character shall be permitted on the premises and the grantee shall at all times restrain any and all objectionable or disorderly persons from the use of said 'Park.' * * *

"(8) The grantee further agrees that it will establish and maintain a suitable caretaker on the premises, day and night, during at least five months of the summer season, whose duty it shall be to enforce the covenants and restrictions contained in this deed: * * * Such owners of lots to whom the said Locksley Park Company, or its successors has granted or shall hereafter grant the right to use said park, shall never be debarred from the right to use said park at any time of the day and night notwithstanding any restrictive rules which may be established limiting other persons in the use of said park."

The main question here presented is whether the park has been and will be used and enjoyed by citizens and residents from beyond the limits of the town of Hamburg. Judicial interpretation is required of the following words above quoted from the deed: "(1) The said premises shall be maintained and used by said Town of Hamburg in perpetuity as a 'Park' for the use and benefit of citizens and residents of the Town of Hamburg." This is a dedication by a private corporation as distinguished from one made by the public and the terms of the grant must be strictly construed. (*City of Hopkinsville* v. *Jarrett*, 156 Ky. 777, at p. 779; 162 S. W. 85, cited in *Williams* v. *Gallatin*, 229 N. Y. at p. 253.) Giving to the language of those terms its commonly accepted meaning, particularly when viewed in the light of surrounding circumstances, there is no ambiguity.

The right of the town to acquire the land for park purposes cannot be questioned. (Town Law, § 342.) There is no legislative authority for a free grant of the use and benefits of parks thus acquired to local residents with additional authority to exact a fee from non-residents as in the case of common schools. (Education Law, § 567.) Authority for the same rests, however, in both instances upon the basic property right of any municipality to prevent the usurpation by strangers of that which the municipality has created and is maintaining for its own citizens and residents. The town of Hamburg is a separate and distinct municipality with

its geographical lines clearly defined to include all of the premises in question. Though the town is a subdivision of both the State of New York and the county of Erie, yet it has its own separate governmental tax levying and collecting instrumentalities. The taxpayers of the town of Hamburg alone furnished the purchase price of the real property in question and are alone responsible for its maintenance. There has been no written or other dedication of the premises by the general public for its own use and benefit. Nowhere in the clause under immediate consideration nor in the entire deed are any rights given to the general public. The governing forces and the courts have recognized the right of individual lot owners to enjoy to the exclusion of the general public Grammercy Park in the heart of New York city. (*People ex rel. Poor* v. *Wells*, 139 App. Div. 83.) However valuable the shore and uplands of Lake Erie may be, even individual property rights are recognized. (*Wheeler* v. *Spinola*, 54 N. Y. 377; *Champlain, etc.*, v. *Valentine*, 19 Barb. 484; *Stewart* v. *Turney*, 237 N. Y. 117.) Surely a municipality may become vested by private dedication with lands devoted to the use and benefits of its own residents and citizens. The defendants contend that the deed contains no restriction requiring the defendants to exclude from the park non-residents of the town of Hamburg. The acceptance of the deed obligated the town of Hamburg to maintain and use the park for the use and benefit of citizens and residents of the town of Hamburg, which obligation can only be fulfilled by a reasonable exclusion of the non-resident public from this small park.

The court recognizes the difficulties which confront the defendant town of Hamburg in carrying out to the letter the obligations incurred by the acceptance of the deed. Common sense and reason must be employed in an interpretation of the restrictive covenants. Plaintiff makes no complaint against the occasional individual invitee who comes as a guest of a resident or citizen of the town. The fundamental cause of the complaint lies in the mistaken belief of the town authorities that they were not only not required to exclude non-residents but were justified in yielding encouragement to the thousands who, without right or cost, sought and obtained the benefits of the park to the practical exclusion at times of the residents and citizens of the town of Hamburg. Permitting bus and truckloads of picknickers from Buffalo and advertising in the newspapers of that city are indicative of the attitude of the town authorities. The complaints concerning nuisances and parking can be readily reduced to a minimum by a reasonable restriction of the park to the use and benefit of residents and citizens of the town.

The maintenance of a restaurant, the conducting of dances and the rental of lockers are the common incidents of a pleasure ground and contribute to the use and enjoyment of the park. (*Williams* v. *Gallatin*, 229 N. Y. at p. 253.) He who eats and drinks at the tavern must replenish the till and he who dances must pay the fiddler. In the absence of discrimination among local citizens and residents, no cause for complaint will lie. The court feels that in the light of this decision the town authorities, who after all are the chosen representatives of the citizens and residents of the town of Hamburg, will maintain the park for the use and benefit of those whom they represent and thus fulfill the primary purpose which inspired the purchase of the park.

Judgment may be entered in a declaratory form as herein indicated and injunctive relief denied with the privilege of renewal in the event that defendants violate the restrictions of the deed. Plaintiffs may have taxable costs.