Desmond, J. (dissenting)
In 1951 defendant town accepted from the corporate plaintiff, without consideration, a deed of certain water-front property. The deed contained this language: “ This conveyance of the foregoing lands to the Town of Hempstead is made for the establishment of the above described lands as parks within the Atlantic Beach Park District, said District to include all lands shown on the aforementioned maps.
“ And the party of the second part does hereby covenant and agree with the party of the first part as follows:
“ 1. That it will not permit the aforesaid beach areas to be used by any persons except the owners and/or resident tenants of land within the district and situated north of the center line of Ocean Boulevard as shown on the aforementioned map, together with the immediate families and non-paying house guests of the said owners and/or resident tenants;
“ 2. That it will not permit the aforesaid bay areas to be used' by any persons other than the owners and/or resident tenants of land within the district and situate north of the center line of Ocean Boulevard as shown on the aforementioned map, together with the immediate families and non-paying house guests of said owners and/or resident tenants and other than the owners and/or resident tenants of land within the district and situated south of the center line of Ocean Boulevard as shown on the aforementioned map, together with the members of any and all beach clubs located on said land.”
In direct violation of that covenant the town in 1953 extended the Atlantic Beach Park District to include a new subdivision adjoining the Atlantic Beach area for the benefit of whose residents the above covenants were made. This, suit is brought to restrain that violation. The courts below validly granted the injunction.
The facts are undisputed. The Atlantic Beach community was founded in 1926 by the filing of subdivision maps including the beach-front lands the use of which is in dispute here. The developer of Atlantic Beach, selling several hundred lots, reserved to itself title to the beach. In 1941 and 1942 a corporation which had acquired title to the beach-front lands executed and recorded a “declaration ” restricting the use of those beach areas to the owners and residents of lots shown on the Atlantic Beach subdivision maps. Later there was formed by and for the benefit of those property owners, plaintiff Atlantic Beach Property Owners’ Association, Inc., which took and held title *442 to the reserved properties until 1951. Meanwhile boathouses and other facilities had been built on the beaches for the use of the owners and occupants of the benefited area. All other persons were kept off the beaches. The large expense for maintenance of these facilities was borne by plaintiff Association but some of the residents of Atlantic Beach failed or refused to pay their shares of those costs. Someone thought up the idea of establishing a park district so that title to the beach areas would be in a public corporation empowered to assess the Atlantic Beach property owners for their proportions of the expense burden. Pursuant to statute (see Town Law, art. 12, and Nassau County Civil Divisions Act, § 222.0) and after public hearings, etc., the town board in 1950 established the Atlantic Beach Park District. The new district comprised the Atlantic Beach subdivisions. Pursuant to the plan, plaintiff Association in 1951 conveyed the beach front to the town, for the park district, by deed containing the restrictions set forth in the first paragraph of this opinion. In 1953 the town, acting-under section 190 et seq. of the Town Law and section 222.0 of the Nassau County Civil Divisions Act, extended the Atlantic Beach Park District to include a new, adjoining subdivision owned by persons not associated in interest with plaintiffs. The purpose of the park district extension was, of course, to allow the residents of the newly developed residential area to use the beaches in defiance of the restrictive covenants.
There is no doubt as to the meaning of those restrictions and there should be no doubt of their validity. Express authorization for the acceptance by a town of such a conditional gift is in subdivision 8 of section. 64 of the Town Law: “8. Gifts to town. May take by gift, grant, bequest or devise and hold real and personal property absolutely or in trust for parks or gardens, or for the erection of statues, monuments, buildings or structures, or for any public use, upon such terms or conditions as may be prescribed by the grantor or donor and accepted by said town, and provide for the proper administration of the same.” Such a grant as this is no new thing (see Campbell v. Town of Hamburg, 156 Misc. 134 [1935], and cases cited). The arrangement made in 1950 did not produce the anomaly of a “ private park ” maintained by public funds for the use of a few. The Atlantic Beach subdivision lot owners, several hundred in number and already owning the right to use the beaches to the exclusion of the public, continued that situation and pre *443 served that right by setting up the park district consisting of their properties only. They themselves continued as before to pay the expense, the only difference being that it was now collected through assessments levied by those same lot owners against themselves through the park district. The town did not provide them with a park. They provided it for themselves. The deed to the town was a mere step in accomplishing all this. The town had no interest of its own, paid nothing for the deed and has been put to no expense. Plainly, the town in attempting to destroy the restrictions by the device of extending the park district is guilty of wrongdoing.
The attempted justification is that pertinent statutes have always authorized the extension of park districts and that the 1950-1951 transaction was subject to that power. But those “ Improvement District ” sections (§ 190 et seq.) of the Town Law must be read with subdivision 8 of section 64 of the Town Law {supra). The latter statute, authorizing the town to take a conditional gift of real property, must in common sense and good morals mean that the town is bound to comply with the conditions in the grant. For that purpose and to that extent subdivision 8 of section 64 of the Town Law must override section 193 of the Town Law when necessary to enforce the conditions of this valid gift. This does not mean that the town in accepting the gift voluntarily and illegally surrendered its governmental power to extend this park district. It never had any power, governmental or otherwise, to open up the Atlantic Beach water front to newcomers. Its general authority to enlarge park districts was by law subject to its obligation to comply with the conditions it had agreed to in the grant. The power to extend and the duty to live up to the conditions are here mutually exclusive. If we must make a choice, we should hold legal that course of official conduct which is in accord with right and morality.
Plaintiffs are entitled to court protection of their rights and injunction is the proper remedy. The injunction here granted did no more than restrain the town from permitting the use of the beach areas by persons other than owners and residents of Atlantic Beach. Such was the burden the town assumed by acceptance of the deed. It is not for us to tell the parties how or whether the town by condemnation or otherwise may remove that burden.
The judgment should be affirmed, with costs.
*444 Dye, Froessel and Burke, JJ., concur with Van Voorhis, J.; Desmond, J., dissents in an opinion in which Conway, Ch. J., and Fuld, J., concur.
Judgment reversed and matter remitted to Special Term for further proceedings not inconsistent with the opinion herein, with costs in all courts.