# THE STATE OF TEXAS V. WILLIE MERRILL, A FEME SOLE, AND TOM GRAY.

No. A-7665. Decided April 20, 1960.
(334 S.W. 2d Series 432)

*Will Wilson,* Attorney General, *James H. Rogers* and *J. Arthur Sandlin,* Assistant Attorneys General, for the State of Texas, petitioner.

The trial court erred in denying the States the relief prayed for and in failing to hold that the lease for "park purposes" by implication included the right of the public to ride horses in the leased area, and in permitting the defendants the right to lock the gates for the reason that said holding impairs the use of the leased premises for "park purposes" and is contrary to the terms of the lease. Settegast v. Foley Bros. Dry Goods Co., 114 Texas 452, 270 S.W. 1014; Lewis v. City of Fort Worth, 126 Texas 458, 89 S.W. 2d 975; Rivet v. Burdick, 255 App. Div. (N.Y.) 131, 6 N.Y.S. 2d 79.

*H. O. Metcalfe,* of Marfa, and *Turpin, Kerr, Smith & Dyer,* and *William L. Kerr,* all of Midland, for respondents, Merrill and Gray.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was brought by the State on behalf of the Texas State Parks Board seeking a permanent injunction to restrain the respondents from padlocking gates leading into a portion of the State Park in the Davis Mountains. The land involved is a 1340-acre tract out of a 1540-acre tract near Fort Davis in Jeff Davis County. The Park is located on the highway leading from Fort Davis to the McDonald Observatory. This tract was leased on January 18, 1934 to the State for "park purposes" for a term of 99 years by respondents' predecessors in title. The respondents asserted the right and necessity for locking the gates as an implied corollary to the exclusive grazing rights expressly reserved by the lessors in the lease. Respondents further urged that the lease was invalid because of a complete failure of consideration.

The case was tried to the Court without the intervention of a jury. Judgment was rendered adjudicating the lease to be not invalid fo rfailure of consideration but denied the injunction sought by the State on the ground that the reservation of grazing rights, impliedly at least, carried with it the right to lock the gats to prevent respondents' cattle and sheep from escaping and entering upon the highway, and to exclude animals belonging to

others than respondent. The judgment permitted the State the limited right, at its expense, to construct cattle guards so as to provide access to public pedestrian and vehicular traffic, but expressly excluded horses and other animals. This exclusion included horseback riding. Although there were no pleadings invoking the jurisdiction of the trial court as a tract of 200 acres purchased by the State from respondents' predecessors in title on November 18, 1933, the court, nevertheless, adjudicated the rights of the parties relative to such tract. The tract of 1340 acres and the tract of 200 acres make up the 1540.35 acres described in the judgment. On appeal, the Court of Civil Appeals has held the trial court was without jurisdiction to adjudicate the rights of the parties so far as the 200 acres was concerned. No complaint is here made of such ruling, neither is there a point attacking th affirmance of the trial court's judgment holding the lease was not invalid for failure of consideration.

The trial court's judgment in regard to the right of the State to construct cattleguards, pedestrian walkovers, or pedestrian turnstiles was reversed with the holding that the rights granted were not encompassed in the lease agreement. The trial court's judgment denying petitioner's prayer for injunction restraining respondents from padlocking the gates was modified to the extent of ordering the removal of the padlocks for a period of three consecutive months. In all other respects, the trial court's judgment was affirmed. 329 S.W. 2d 460.

Both parties have filed an application for a writ of error. This court granted the State's application primarily on its point that the denial to the public of the use of the Park for horseback riding amounted to an unreasonable curtailment of the right of use by the public for park purposes. We granted the respondents' application because of granting the State's application. However, we have concluded that both applications present error.

The questions presented are questions of law. The correlative rights of the parties are to be determined from the lease contract. The lease contract appears in full in the Court of Civil Appeals' opinion. Reference is made thereto. Respondents contend that "their exclusive grazing rights" reserved in the 99-year lease entitle them to prevent horseback riding by members of the public using the park. The State, on the other hand, contends that this privilege was granted by the terms of the lease and that such grant is not inconsistent in any way with

the respondents' grazing rights. The trial court's judgment denied the use of the park for this purpose entirely and refused the injunction. The Court of Civil Appeals' judgment grants horseback riding privileges to the State for three months out of the year only. The judgment denies such privileges for the remainder of the year. The State contends that horseback riding should be permitted in the park for twelve months out of the year under such supervision and safeguards which would protect the grazing rights of the owners of the land. The respondents' principal contentions are: (1) that the trial court's judgment denying horseback riding should be affirmed; (2) that the grazing-right provisions in the lease place no time limitation whatsoever on respondents' right to graze sheep, and (3) that the only time limitation contained in the lease is with reference to the right of respondents to graze cattle upon the land in the event "sheep grazing" should become unprofitable.

The pertinent provisions of the lease provide that it was "made for the *exclusive* use" of all of the land by the State for *park purposes*. The lease reserved the "exclusive grazing rights" to respondents, but provided that "such grazing rights * * * shall be limited to grazing sheep unless sheep grazing becomes unprofitable, then party of first part [respondents] reserves the right to graze cattle on said land nine months in the year, allowing party of the second part the right to choose three consecutive months when land shall be free of cattle."

1 "Park purposes" include the privilege of horseback riding in this type of park. See Booth v. City of Minneapolis, 163 Minn. 223, 203 N.W. 625 (1925); City of Wichita v. Clapp, 125 Kan. 100, 263 Pac. 12, 63 A.L.R. 478; Golf View Realty Co. v. Sioux City, 222 Iowa 433, 69 N.W. 451; Rivet v. Burdick, 255 App. Div. 131, 6 N.Y.S. 2d 79. In the Golf View Realty Co. case, supra, the Supreme Court of Iowa stated:

"It is a matter of common knowledge that 'parks' are used by the public generally for recreation through many different games, such as tennis, pitching horse shoes, croquet, baseball, basketball, golf, walking, *horseback riding*, picknicking, and general outdoor exercise." (Emphasis added.)

It would be contrary to Texas tradition to hold that the Davis Mountain State Park, located in a mountainous area of scenic beauty, would be completely ideal without horseback riding. It is significant that no Texas case has been found specifically involving this type of recreation. Perhaps this is due to the fact

that ordinarily leases are not made for park purposes with exclusive grazing rights reserved unto the lessors. The State does not claim the right to graze animals upon the land. The respondents are concerned over keeping their livestock from getting out of the enclosure and on to the highway. The State Highway cuts across the acreage in question so that a portion of the tract lies on each side of the highway. The State has constructed a fence on each side, and, for some eight years, gates have been located along each side for the purpose of permitting the free but controlled movement of sheep or cattle from one pasture to the other. The evidence shows that before the gates were padlocked respondents' sheep would escape through open gates and on to the highway. Thus, we have a situation where one department of the State Government had been threatening prosecution if the respondents permit their sheep to run at large. On the other hand, when the gates were padlocked to avoid possibility of prosecution, the Texas State Parks Board demanded that the respondents be restrained from padlocking the gates. Both sides have legitimate interests which conflict with each other.

2   It is our opinion and we so hold that the grant for park purposes authorizes horseback riding by members of the public. The public is entitled to such uses for park purposes that do not reasonably interfere with the exclusive grazing use reserved by the respondents. The Texas State Parks Board, in order to properly exercise such privilege, must promulgate rules and regulations governing horseback riding and other authorized activities in the park. The Park Superintendent through his representatives should exercise reasonable supervision over horseback riding and other activities on the leased premises to obtain compliance with the rules and regulations. The rules should require that all rights granted under the lease, including horseback riding, must be exercised in a manner designed to protect the respondents in their grazing rights. To adequately protect such rights, all horseback riders should be required to go along authorized paths only. The Texas State Parks Board in the exercise of supervision of all activities in the park is to be allowed the use of the present gates and shall be allowed to construct gates and other places of entry to any portion of the land, provided they are kept closed. and respondents' sheep or cattle are not allowed to escape from enclosures. The rules should provide that all persons failing or refusing to conform will be excluded.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to the trial court with instructions to ren-

der (1) judgment allowing regulated horseback riding for twelve months in the year; (2) judgment allowing respondents the exclusive grazing rights for grazing sheep twelve months in the year, and (3) allowing respondents, in the event sheep grazing becomes unprofitable, to graze cattle on said land for nine months of each year, all in accordance with the terms of the lease. The trial court is instructed to issue such restraining orders as may be necessary to effectuate the terms of its judgment, unless the parties agree upon a judgment which will permanently determine the issues involved. The trial court shall reform its former judgment consistent with the instructions herein stated.

All costs incurred in this cause in the courts below are to be adjudged against the respondents. The costs in this Court are adjudged three-fourths against the respondents and one-fourth against the petitioner.

Opinion delivered April 20, 1960.