**PULASKI COUNTY, etc., et al., Appellants,**

**v.**

**CITY OF SOMERSET, a Municipal Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1963.

Don E. Cooper, Charles C. Adams, Somerset, for appellants.

Viley O. Blackburn, Somerset, for appellees.

CULLEN, Commissioner.

In the center of the public square in the City of Somerset there is a small park, known as Fountain Square Park, that has been in existence since 1909. In January 1959 the city council adopted an ordinance directing that the park be removed and that the area be devoted to traffic purposes so that the streets entering the square would extend straight through the square. The County of Pulaski then brought this action

seeking a declaration that the ordinance was invalid and an injunction against removal of the park. The circuit court upheld the ordinance and denied injunctive relief. The county has appealed.

■ The park was built in 1909 as a result of joint action of the Commercial Club of Somerset, the city, and the county. Each paid one-third of the cost. Although there was no formal ordinance or resolution of either the city or the county dedicating the area to park purposes, the evidence shows that from the beginning the area has been designated, maintained and used as a public park in every sense of the term. There has been manifested a clear and unequivocal intention to devote the area to park purposes only. It must therefore be regarded as having been impliedly dedicated as a park. Board of Park Com'rs of Ashland v. Shanklin, 304 Ky. 43, 199 S.W.2d 721.

Under KRS 97.530 a city of the third class (which Somerset is) has authority to "repeal ordinances heretofore or hereinafter enacted creating * * * public * * * parks * * * *where the same were not acquired or given to the city for such specific purposes,* and provide, by appropriate ordinances, for the use of said land * * * for other purposes * * *" (our emphasis). The city maintains that it has authority under this statute to abolish Fountain Square Park.

■ In our opinion the statute applies only where the city, by its own exclusive authority, has established a park. If it were considered as being applicable to a park dedicated by interests other than the city a serious question of its constitutionality would be presented. See City of Hopkinsville v. Jarrett, 156 Ky. 777, 162 S.W. 85, 50 L.R.A.,N.S., 465. By reason of the history of the Fountain Square Park, hereinafter related, we think it comes within the exception stated in KRS 97.530 of having been "acquired or given to the city for such specific purposes."

The original site of the Town of Somerset was deeded to the trustees of the town "for the County's use." The plat outlined a public square in the center of the town, and the deed referred to the "Publick Square, which the Court House of Pulaski County is to be fixed on." It appears that the first courthouse was built in the center of the square and it continued there for 30 years. Thereafter a new courthouse and other county buildings were erected on one side of the square. Along in the 1850's, by authority of the fiscal court, a public well was dug in the center of the square. In 1867 a portion of the square, on which the county jail had stood, was sold by the fiscal court to private interests.

The evidence indicates that over the years portions of the square were used for street purposes, but it is not established that the center of the square was so used. On the contrary, there is indication that the center was used as a public gathering place, for fairs, etc.

In 1908 the Commercial Club of Somerset proposed the establishment of a park in the center of the square, and with the county, the city and the club each putting up a third of the cost, the park was built

The city maintains that it had the right of control over the public square and the right to determine to what public use the square should be devoted, and therefore the establishment of the park was by sole authority of the city so as to come within the provisions of KRS 97.530 authorizing a city to abolish a park established by it. It may be conceded that under various legislative enactments the city had *police power* over the square, but we do not find any basis of authority in the city to determine the uses to which the square should be devoted in the way of structures. Certainly the county had the right to build its original courthouse in the center of the square, and the right later to build a new courthouse and other county buildings on one side of the square. It may be true that the county lost its rights in such parts of

the square as by implied dedication became public streets, see Graves County ex rel. Robbins v. City of Mayfield, 305 Ky. 374, 204 S.W.2d 369, but the evidence here does not establish any implied dedication of the center of the square for street purposes.

Certain legislative Acts of 1846 and 1871, relied upon by the city, merely gave the city title to the streets and alleys in the city, and have no bearing on the question of control of the use of such portions of the square as had not become dedicated streets. An Act of 1888 declaring that all "commons" of the *town* of Somerset should be the commons of the *city* we construe as merely transferring from the town to the city such commons as belonged to the town, and not as attempting to divest the county of its rights to determine the use of the public square.

KRS 85.120(3) and KRS 94.360(1), giving the city council power of control over "public grounds belonging to" or "of" the city, are not significant here because the entire public square did not "belong" to the city.

KRS 85.140(2), giving the city council authority to open and establish streets, clearly does not mean that the city may establish a street over land on which the county has the right to place county structures. The same is true of KRS 94.110(1) (a), which gives the city control over construction, reconstruction, maintenance, repair and supervision of "public ways, squares, fountains" within the city.

The circuit judge was of the opinion that the public square had been dedicated originally for public use generally, and that the city under its power to establish streets had the right to determine that the square should be used for street purposes. The trouble with this view is that the square was not dedicated originally for general public use, but for the *county's use,* such as for county buildings.

Our conclusion is that at the time the park was created the county had such interest and rights in the area in the center of the square that it cannot be said that the park was established solely by the city so as to come within KRS 97.530.

It is clear that in the absence of statutory authority the city cannot abolish the park. See Bedford-Nugent Co. v. Argue, 281 Ky. 827, 137 S.W.2d 392.

The judgment is reversed with directions to enter judgment holding the city ordinance of 1959 invalid and granting appropriate injunctive relief against removal of the park.