CITY OF MONTICELLO, Kentucky, Carl Shearer, Mayor, Dave Carrender, Councilman, Bill Upchurch, Councilman, Charles Upchurch, Councilman, Dr. C. L. McHargue, Councilman, Sam Whittenburg, Councilman, and Kenneth Catron, Councilman, Appellants,

v.

WAYNE COUNTY FISCAL COURT, Ira Bell, County Judge, Horice Cooper Denney, Katherine Lair, Delbert Branscum, Frank East, James Higginbotham, Henry Paul Richardson and Osby Neal, Appellees.

Court of Appeals of Kentucky.

Feb. 10, 1978.

E. G. Bertram, Jr., Monticello, for appellants.

Thomas E. Carroll, Wayne County Atty., Monticello, for appellees.

Before HOGGE, LESTER and WHITE, JJ.

LESTER, Judge.

In April of 1976, the city council of Monticello adopted a resolution to move the monument of the Doughboy which honors the veterans of World War I to another location. The original plaintiffs brought a class action on behalf of the American Legion Post 134 and obtained a temporary restraining order against the city. By amended complaint, they also made the Wayne County Fiscal Court a party defendant. The fiscal court cross claimed alleging title to the property and the right to control the area. The Wayne Circuit Court dismissed the class action, but permanently enjoined the city from moving the monument on the grounds urged by the fiscal court.

Monticello appeals contending that it, as a fourth class city, has the authority pursuant to KRS 94.360 to move the Doughboy monument to a place where it will not impede the flow of traffic.

The parties stipulated the essential facts. In February of 1802, the Justices of the Peace of Wayne County received a deed for a 13 acre tract of land which contained the original boundaries of Monticello. In 1803, the county built its first court house and a court house remained there for 25 or 30 years. In 1922, the fiscal court approved the erection of the Doughboy monument on the site of the first court house. Completion of the monument occurred in 1923. Since that time, widening of the streets has reduced in size the base of the monument. The city has provided most of the maintenance for more than 15 years prior to the lawsuit. The monument sits in the center of the intersection of Main Street and Columbia Avenue, two frequently traveled streets in the city. The Wayne Fiscal Court has not conveyed by deed title to the property to the city of Monticello.

KRS 94.360(1) gives Monticello "exclusive control over the public ways, landings, wharves and public grounds of the city." In relation to these, Monticello may "establish, open, alter, widen, extend, close, grade, pave, repave, clean, sprinkle and repair" as well as "prevent and remove encroachments thereon or obstructions thereto." In addition, subsection (3) of the statute provides,

(w)hen any parcel of ground has been laid off as a public way, and opened to the unrestricted use of the general public for five consecutive years, it shall be conclusively presumed to have been dedicated to the city as a public way, subject to acceptance by the city.

In order for Monticello to have the power under the statute to relocate the monument, the monument would have to be situated on a public ground or public way. Neither circumstance exists. We agree with the court below that *Pulaski County v. City of Somerset*, Ky., 364 S.W.2d 334 (1963) controls here. In that case, the Court held that Somerset could not remove a park in the center of the Public Square for traffic purposes. The Court found as the determinative factor the dedication of the park for county uses. Significantly, the park stood on the site of the original court house. With this in mind, the Court wrote,

(c)ertainly the county had the right to build its original courthouse in the center of the square, and the right later to build a new courthouse and other county buildings on one side of the square. It may be true that the county lost its rights in such part of the square as by implied dedication became public streets, see *Graves County ex. rel., Robbins v. City of Mayfield*, 305 Ky. 374, 204 S.W.2d 369, but the evidence here does not establish any implied dedication of the center of the square for street purposes. *Pulaski County, supra*, at 335–336.

■ The appellant does not successfully distinguish *Pulaski County, supra*. The fact that in that case, the original deed of the tract of land which became Somerset stated "for the County's use" has no bearing on the issue before us. Somerset, like Monticello, has exclusive control over public ways and public grounds but not over property which belongs solely to the county.

■ *Graves County ex rel. v. City of Mayfield*, 305 Ky. 374, 204 S.W.2d 369 (1947) cited by appellant does not serve its cause, for in that case, the Court held that a city had the right to establish parking meter zones in an area originally conveyed to the county for use as a public square, but which had become a public way due to use for more than 38 years as a public passway. In the case at bar, the Doughboy has endured relatively intact since its positioning in 1923. Even though the city has authority over the streets around the monument, it does not have the right to move the Doughboy which persists as a county structure.

We affirm.

All concur.