Edward K. Cunningham, Jr., Esq. Van Dewater and Van Dewater, Esqs. Attorneys for the Town of LaGrange
This is in response to your letter asking for a reconsideration of our informal opinion of October 30, 1973, wherein we concluded that it would be improper for the Town Board of the Town of LaGrange to permit a private citizen to use the town park for the purpose of regular launchings of free-flight hot-air balloons (1973 Op Atty Gen [Inf] 221). On the basis of the present facts and circumstances which you have described, it is our opinion that the town may use its recreational fields for the launching of hot-air balloons.
The previous opinion was based on an opinion request that specified that a private citizen had requested permission to use a town park for the purpose of launching a hot-air balloon on a regular basis. We concluded that this was not permissible on the principle that without specific legislative sanction, a municipality "may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private" (Lake George Steamboat Co. v Blais,30 N.Y.2d 48, 51 [1972]).
You point out that hot-air ballooning has become a popular sport and that there are a substantial number of hot-air balloonists in your county. You also point out that if this recreational activity may be sponsored, the town board will establish necessary and proper regulations governing the sport.
The use of parkland for recreational activity is a well-recognized proper use of the land. (See Rivet v Burdick, 255 App. Div. 131 [4th Dept, 1938].) We conclude that the Town of LaGrange may undertake hot-air ballooning as a recreational activity and allow its parklands to be used for the launching of hot-air balloons.