## City of Louisville v. Mutual Life Insurance Company of Kentucky.

(Decided April 12, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Equity, Court of, May Lay Out Streets.—A court of equity may lay out streets in land ordered to be sold and a street may be dedicated by proceedings in such an action, though not expressly ordered.

2. Pleading—Omitting Word in Caption.—The omission of the word counterclaim in the caption of an answer is not ground for demurrer.

HUSTON QUINN, LEON P. LEWIS and CLAYTON B. BLAKEY for appellant.

JOHN HUNT STITES, BENJAMIN S. WASHER, VAN WINKLE, SPALDING and GILMORE for appellee.

RESPONSE TO PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON.

For opinion in this case see page 141, Vol. 147.

1. We do not hold that the commissioner or mortgagee may make a dedication of land as a street. Both the mortgagor and mortgagee were parties to the action. The court has power under section 694 of the Code to cause the land to be divided with suitable avenues, streets, etc. What we hold is that by the proceedings in the action to which both the mortgagor and mortgagee were parties, the land was dedicated as a street.

2. It is true that Mrs. Mix's children filed a pleading praying that the property be sold, and the proceeds above the amount of the mortgage lien, distributed among them; but the balance of the mortgage debt is many times the value of the piece of land left unsold and the Mix children have no real interest in the controversy.

3. The words "Louisville & Nashville Railroad," where they appear in the opinion, are used by mistake for the words "Southern Railway Company."

4. Upon a reconsideration of the case we see no reason to change our conclusion as to the dedication of the property in the proceedings referred to.

5. In Gordon v. City National Bank, 140 Ky., 47, it was not held that a counterclaim is demurrable if the caption does not contain the word "counterclaim," although such a statement is made in the syllabus. A defect in the caption of a pleading is not made a ground for demurrer by the Code. It is simply provided by the Code that no judgment shall be entered where the proper words are not used in the caption of an answer setting up a counterclaim, set-off, or cross petition.

Petition for rehearing overruled.