## Gardner v. Cole et al.

(Decided March 2, 1934.)

W. R. GARDNER, RODES K. MYERS and WILLIS & HINES for appellant.

BRATCHER & MOORE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This case is a reverberation of Gardner et al. v. Hope, 248 Ky. 270, 58 S. W. (2d) 353. In that case, Hope brought suit against the Gardners to enjoin them from obstructing a road which ran from a concededly public road to another concededly public road. Hope's action was grounded on his claim that this connecting road was a public road or passway which he and the public had a right to use as a public road or passway, and he asked that the defendants over whose land this connecting road ran and who were undertaking to prohibit its use by Hope and the public generally be enjoined from obstructing its use by Hope or the public. The lower court entered a judgment in accordance with the prayer of Hope's petition, and on appeal to this court that judgment was affirmed in the opinion above mentioned. Thereafter the Gardners brought this suit against the appellees who are using this connecting road or passway as members of the general public. The petition avers the plaintiff's ownership of the land over which the connecting road or passway runs, the con-

struction by plaintiff's husband of this connecting road or passway with a rather high type of construction, and the use of this passway by the defendants with heavily loaded wagons and trucks loaded with coal, steel, concrete, gravel, and road machinery, and the disintegration of the road by reason of such use. The petition refers to the Hope Case, and alleges that in that case it was adjudged that this connecting road or passway was "a public passway." It further avers that, in view of that judgment, this connecting road or passway "is a public passway." Coupled with this allegation is the further allegation that the creation of this public passway by prescription was for the purpose of giving a man by the name of Whitaker and to his neighbors egress and ingress to his home, and for the purpose of bringing their stock to Whitaker's place for breeding purposes and of giving a few of the neighbors the use of it for church and burial purposes and for no other purposes. To this petition the defendants filed an answer in the first paragraph of which they admit the allegations concerning the Hope suit, the location of the road, and the ownership of the plaintiff's land over which the road passes, and the fact that the road was a public passway, and the use of it by the defendants as a public passway, but deny the disintegration of the road by the defendants' use thereof, and deny that part of the plaintiff's petition setting up for what purpose the road had been allowed to be used by the neighbors. In a separate paragraph they pleaded the judgment in the Hope Case as res judicata. A demurrer was filed to this paragraph of the answer, and, being overruled, the plaintiff declined to plead further, and her petition was dismissed. This appeal results.

As we are of opinion that the demurrer filed by the plaintiff to that part of the answer pleading res judicata should have been carried back to the petition and sustained, it is not necessary for us to discuss the merits of this plea of res judicata. The plaintiff in this petition not only sets up the judgment of the Hope Case adjudging that this road in question was a public passway, but also expressly avers the same to be a fact. She then undertakes to couple with this express allegation that the road is a public passway an allegation which would turn such passway from a public one into a private one. The two allegations are totally inconsistent. The pleading must be construed most strong-

ly against the pleader, and so it must be taken that the road is as the Hope Case decided it was, a public and not a private passway. Though perhaps it is true that, at the inception of the use of this road the lack of interruption of which ripened what may have been a permissive use into a permanent one of right and so the road into a public passway, those who used the road did so on horseback or muleback or in wagons or buggies or by driving stock over it, yet the right which was thus being acquired by years of uninterrupted use was not a right simply to use the passway in the mode and manner then common, but the right to use the passway for passage in any reasonable manner as passage may be accomplished from time to time by improved methods of travel generally in use. See 29 C. J. 647. Hence it is that the defendants being members of the general public have the right to use this road which the petition itself concedes to be a public passway and they have the right to use it in the manner set out in the petition, since the methods of use there described are the common and ordinary methods of use now generally adopted in traveling over the highways.

The petition not stating a cause of action, it was properly dismissed, and the judgment in so doing is affirmed.