# City of Fulton et al. v. Penny.

(Decided May 6, 1938.)

STEVE WILEY for appellants.

HERSCHEL T. SMITH for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In the year 1875, Dr. G. W. Paschall caused to be recorded in the clerk's office of Fulton county a plat of certain land designated as the second addition to the City of Fulton, Ky. This plat included a street thirty feet wide known as Church street and was dedicated to the city as a street. Between the years 1892 and 1896, W. W. Meadows acquired title to the entire block bound on the west 265 feet by Church street, on the north 80 feet by Main street, and on the south 80 feet by State Line street, and on the east 265 feet by an alley.

In the year 1900 while Meadows was still the owner of the entire block of property described above, he constructed a 3-story brick building covering the entire block. The lower floor of the building fronting west on Church street was made into a number of rooms for business houses, and the second and third floors were

constructed and used for a hotel, known as the Meadows Hotel. The lobby and office of the hotel were about the center of the block on the lower floor, fronting Church street. When Meadows constructed the building he left a strip or space of ground approximately ten feet wide between the building and the east line of Church street (which was his individual property and not included as a part of Church street), and in 1900 at about the same time the building was constructed, he, Meadows, caused to be constructed a concrete sidewalk covering this strip of ground fronting Church street and extending the entire length of the street from State Line street on the south to Main street on the north, and this sidewalk has been opened to the unrestricted use of the public from that date to the present time. The record does not disclose whether there was any writing of record or other evidence of a dedication, except that the sidewalk was constructed and used by the public as we have indicated. Since the year 1900, that block of property has been conveyed a number of times, and in March, 1934, J. E. Penny, the then owner of the property, conveyed it to his wife, Kate M. Penny, the appellee in this appeal. In the various deeds of conveyance the distances called for between the alley on the east and Church street on the west are not the same. In some of them the distance is stated to be eighty feet, and in others, seventy feet. The deed from J. E. Penny to appellee states the distance to be seventy feet. However, it is apparent that all the various grantors intended to convey all the property they owned in the entire block. There is nothing indicating that any of the grantors intended to reserve or except any portion of it. Consequently, we treat the deed of appellee as having conveyed to her the entire block of property, regardless of the variances, which are unexplained or unaccounted for.

In September, 1936, the board of council of the City of Fulton passed an ordinance proposing to widen the vehicular part of Church street by cutting off or removing five and one-half feet of the sidewalk in front of appellee's property on the east side of Church street and extending the length of the street from State Line street on the south to Main street on the north, and two and one-half feet on the other or west side of the street, thereby making the vehicular or driveway part of the street eight feet wider.

Mrs. Penny, appellee, objected to the removal of any part of the sidewalk abutting her property, and brought this suit in the Fulton circuit court seeking to enjoin the city from removing any part of said sidewalk and converting it into a street for vehicular driveway purposes. Appellee bases her action upon the theory that the sidewalk as constructed in the year 1900 by Meadows, and as it now exists, was dedicated by Meadows to the city for a specific public use, viz., a sidewalk, and once property has been dedicated for a specific public use the beneficiary or donee of such dedication is without authority to divert the property to a use other than the one for which it was specifically dedicated. She further averred that if the sidewalk was removed as proposed by the city, she will sustain damages in at least one-third the value of her property.

It is the theory of the city, as appears from its answer and arguments in brief, that the property which embraces the sidewalk in question having been dedicated to the city as a public way, without restrictions, the city became invested with title thereto and has the right to use the property in any way it may deem proper so long as it does not use it for a purpose or purposes other than a public way; and there being no actual dedication for a specified, definite, and limited purpose, viz., a sidewalk, as distinguished from other public ways, and there being an implied dedication only arising from the unrestricted use of the sidewalk by the public for more than fifteen years, a restricted and limited dedication will not be presumed or implied.

The issues were made and the case submitted to the court upon the pleadings and exhibits without any proof of an actual dedication, and the court granted the relief prayed in appellee's petition and entered judgment enjoining the city from removing any part of the sidewalk in question, and to reverse that judgment the city has prosecuted this appeal.

To sustain the judgment of the chancellor, appellee cites various authorities, foreign and domestic. The domestic cases cited are City of Hopkinsville v. Jarrett, 156 Ky. 777, 162 S. W. 85, 86, 50 L. R. A., N. S., 465; Campbell County Court v. Newport, 12 B. Mon. 538; Home Laundry Company v. City of Louisville, 168 Ky. 499, 182, S. W. 645; City of Hazard v. Eversole et al., 237 Ky. 242, 35 S. W. (2d) 313; Woman's Hospital

League v. City of Paducah, 188 Ky. 604, 223 S. W. 159; Massey v. City of Bowling Green, 206 Ky. 692, 268 S. W. 348; Rowan's Ex'rs v. Portland, 8 B. Mon. 232; and Augusta v. Perkins, 3 B. Mon. 437, and perhaps other Kentucky cases of similar holdings. Foreign cases and texts cited appear to be in harmony with the Kentucky cases.

Particular stress is placed by appellee upon the Hopkinsville Case, supra. In that case John C. Latham, a resident and citizen of New York, died testate, and by his will devised to the city of Hopkinsville a lot of ground for a public park. That clause of the will reads:

> "I give, devise and bequeath to the city of Hopkinsville, Ky., a lot of ground, in Hopkinsville, Ky., known as the 'Warehouse' lot, bounded by Campbell, Ninth and Railroad streets. This devise is upon condition that said lot shall be used forever as a public park, and that the park be named, 'Peace Park,' the buildings on said lot were destroyed by fire. I give, devise and bequeath to the city of Hopkinsville the sum of ten thousand dollars ($10,000.00) to prepare and beautify this warehouse lot for park purposes."

Later, the city undertook to use a part of the lot for a public library building, and interested parties who were opposed to this diversion of the park ground enjoined the city from erecting the library building thereon. It was pointed out in that case that if a grant or devise is made for a specific, limited, and definite purpose, the subject of the grant cannot be used for other purposes.

In Home Laundry Company v. City of Louisville, 168 Ky. 499, 182 S. W. 645, by resolution, the general council authorized the mayor of the city of Louisville by appropriate deed to dedicate for public use "as a footway" so much land as should not exceed eight feet when the abutting property owners on the opposite side of the street or space known as "Court Place" should dedicate to public use a strip of ground described in a plat, presumably eight feet, comprising the north side of Court Place. The deed of dedication to the north side of Court Place did not contain any provision to the effect that it was to be used by pedestrians only, or as a footway, and was not to be used by wag-

ons, carts, or drays. Thereafter, the entire passway, including the eight feet dedicated by the city for the definite and specific purpose of a footway, was sought to be used by the Home Laundry Company for drays, carts, and other street vehicles, and the officers of the city were instructed not to permit such use of the street, whereupon the Home Laundry Company filed suit against the city of Louisville and its officers seeking an injunction to restrain it from interfering with them in hauling coal to their premises and from interfering with other persons in going to and from their premises with vehicles. It was held in that case that eight feet of that street having been specifically and definitely dedicated for the sole purpose of a footway, it could not be diverted to general street purposes for vehicular traffic. It will be noticed that that case was decided upon the same theory and principle as that of the Hopkinsville Case supra, viz., that the property was dedicated for a definite, limited, and specific purpose. In both of those cases there was an express dedication, as may be distinguished from an implied one.

In the case of Massey v. City of Bowling Green et al., 206 Ky. 692, 268 S. W. 348, 349, a taxpayer of the city sought to enjoin the issuance of bonds and the construction of a hospital building on property purchased by the city for waterworks purposes. It appears that the city had acquired various contiguous parcels of property containing in all about twelve acres for waterworks purposes, but the deeds placed no definite restriction upon its use, except as to one parcel which was conveyed to the city by one Crosswaite, which contained the following sentence:

"The land hereby conveyed is purchased by the town of Bowling Green for waterworks purposes, but this forms no part of the consideration to the party of the first part."

A reservoir embracing about two acres of the land was constructed on the grounds and the remainder of it was equipped and used as a park and designated on the maps of the city as "Reservoir Park." For many years the city had recognized the grounds as a park, and from time to time the city council passed various ordinances providing for the policing of the park, and it was so recognized and used by the city and the public for many years. It was argued that the location of the hospital on the grounds of the park devoted to

recreation and enjoyment was inconsistent with its use as a park and a diversion from the purpose for which it was established. That opinion recognizes the rule that where land is dedicated to a city by private grant for park purposes its use is restricted by terms of the grant, and such property cannot be appropriated for a different purpose; citing Hopkinsville Case, supra. It is also pointed out in that opinion that under the charters of cities of the third class the city has a right to acquire land for park purposes in the manner set out in the statutes, and when acquired in that manner the city may not dispose of or divert such land to other purposes inconsistent therewith. However, there was no contention in that case that the city had acquired the land for park purposes as provided in the statutes; but it was insisted that the act of the city in appropriating and equipping the property for park purposes, and it having been used for that purpose over a long period of years, amounted to a dedication of property for park purposes. In answering that argument the court asked this question:

"Hence the primary question remains: Will a dedication or an irrevocable establishment of a park be implied by reason of its use in the manner set out during the time mentioned?" The court said: "We do not think such a presumption can be maintained."

In conclusion the court held that the city had the right to erect the hospital building on the land in question, notwithstanding it was purchased for the purpose of waterworks only, or that the city had appropriated a large portion of the property for park purposes and it had been used for same for many years. The deeds to the property did not restrict its use, nor was the use of it as a park definitely restricted or limited to that purpose by any grant or dedication, but the use of it as a park was only an implied one by the conduct of the city in equipping and permitting the long use of it as a park. We think the principle applied in the case, supra, is peculiarly applicable to the facts in the case at bar.

In Riley v. Buchanan, 116 Ky. 625, 76 S. W. 527, 25 Ky. Law Rep. 863, 63 L. R. A. 642, 3 Ann. Cas. 788, and City of Bloomfield v. Allen, 146 Ky. 34, 141 S. W. 400, 7 A. L. R. 122, it is held that where a sidewalk or

a passway has been used by the public continuously for more than fifteen years without let or hindrance by the owner of the land over which it runs, both a dedication by the owner and acceptance by the proper legal authorities will be presumed.

In the case at bar, the only evidence of a dedication of the sidewalk was the construction of it by the then owner of the land and the long use of it by the public as a sidewalk. There is nothing in the record to show that Meadows, who constructed the sidewalk, intended that the entire space of ground should be used forever as a sidewalk, even though future developments and changed conditions may require the use of at least a reasonable portion of it for street vehicular purposes. Thus we have the situation of an implied dedication to be inferred only from the construction of the sidewalk and the use of it without any express restrictions with reference to time or how long it should be so used.

These facts take the case out of the category of the authorities relied on for appellee, in all of which it appears that the dedicators expressly limited the use of the property to a fixed and definite purpose.

It is the universal rule, with rare exceptions, that municipalities have control of their public ways. Under the provisions of section 3560 of the Kentucky Statutes, public ways include streets, alleys, sidewalks, roads, lanes, avenues, highways, and thoroughfares, and shall be under the exclusive management and control of the city with power to improve them by original construction or to reconstruct them as may be prescribed by ordinance; and, section 3561 of the Statutes provides that all streets, alleys, roads, and public ways which have been or may hereafter be conveyed or dedicated to and accepted by the city or acquired by condemnation "are hereby declared to be the streets, alleys, and public ways of such city." Section 3562, Kentucky Statutes, provides that the board of council shall have and exercise exclusive control and power over the streets, roadways, sidewalks, alleys, etc., and to establish, open, alter, widen, extend, close, grade, pave, repave, clean and keep in repair the same.

The statutes, supra, were enacted in the year 1893, and were in force at the time the sidewalk in question was constructed, and have remained in force since that time.

In the absence of an expressed intention on the part of the dedicator that the entire sidewalk or the ground on which it was constructed should be used forever as a sidewalk, it will be presumed that he took cognizance of the statutes and for that reason failed to restrict or prohibit the city from using any portion of the sidewalk as a vehicular passway if future developments and changed conditions should prove it necessary or expedient to do so.

In view of the statutes, supra, it is indeed a very liberal rule to hold that a municipality may divest itself of its rights and duties imposed upon it by the statute, to control its public ways as may be deemed to be to the best interest of the public, even when the grantor or dedicator of such public way places such restrictions upon the use of a public way so dedicated. However, the Home Laundry Company v. City of Louisville Case, supra, apparently was decided upon the principle that the acceptor of a dedication is presumed to have accepted it for the purpose specified therein. However, that case is hardly consistent with later opinions of this court.

In Henderson Elevator Co. v. City of Henderson, 187 Ky. 453, 219 S. W. 809, 812, 12 A. L. R. 983, it was held that the city, even by contract, could not divest itself of the rights and duties imposed upon it by law. It is pointed out in that opinion that the writing whereby Heilman street was dedicated by the abutting property owners to the city of Henderson imposed no restriction upon its right to extend, straighten, widen, or close the street. But it is further said in that connection:

"Nor could it [city] legally have accepted the dedication of the street under such a limitation upon its legislative discretion, as it would have amounted to an attempted relinquishment of the power to regulate and control its streets and highways, or one of them, which public necessity and convenience demand shall at all times be maintained by its municipal authorities."

That opinion also refers to the case of Henderson v. City of Lexington, 132 Ky. 390, 111 S. W. 318, 22 L. R. A., N. S., 20, involving the question of the right of the city of Lexington to close an alley which had been dedicated to and accepted by it under a deed providing

that it should always remain free and open as a public street or alley. It was held in that case that the city had the right to close the alley, notwithstanding the provision of the deed to the contrary.

In the case at bar the City of Fulton is not attempting to close the street or sidewalk, but merely widen the vehicular part of the street by reducing or narrowing the sidewalk. However, we are unable to see any material distinction between the right of a city to close a public way or merely change or alter it. It appears to us to be perfectly logical that if a city can permanently close a public way contrary to the provision of the deed dedicating same, it follows that it would have the right to change it by either widening or narrowing it, when, in the exercise of a reasonable judgment, the public interest so demands.

We do not mean to say that the City of Fulton would have the right to remove the entire sidewalk abutting appellee's property, or, to reduce it so unreasonably as to afford inadequate pedestrian travel, or ingress and egress to her property. It appears that should the city remove so much of the sidewalk as is proposed there would still remain a sidewalk five feet seven inches wide, and it cannot be doubted that a sidewalk of such width, particularly in a city of the fourth class, is reasonably ample to accommodate pedestrian travel and afford ingress and egress to abutting property.

The facts presented in this case, measured to the authorities herein cited, impel us to the conclusion that the appellant city, in the exercise of its governmental functions, has the right to remove so much of the sidewalk in question to the extent and for the purpose set out in its resolution.

Wherefore, the judgment is reversed.