**LEVY et al. v. CURLIN et al.**

Court of Appeals of Kentucky.

Aug. 30, 1951.

S. L. Greenebaum & Brown and Greenebaum & Eldred, Louisville, for appellants.

A. E. Funk, Atty. Gen., Jo M. Ferguson, Asst. Atty. Gen., Frankfort, Gilbert Burnett, City Atty., William Berry, Asst. City Atty., Robert T. Burke, Jr., and James W. Stites, Louisville, for appellees.

CLAY, Commissioner.

This is a declaratory judgment proceeding brought by appellant property owners and lessees to determine: (1) the right of the City of Louisville and the State Department of Highways to widen the carriageway of Second and Third Streets in the City of Louisville, and (2) whether or not appellants must bear the expense of altering their premises so as to furnish adequate lateral and subjacent support. The Chancellor determined these questions adversely to appellants.

Second and Third Streets in Louisville are 60 feet wide from building line to building line. Prior to 1951 the carriageway of each street was 36 feet in width, with 12 foot sidewalks on each side. They had so been maintained and used for a great many years, but the terms of the original dedication are not shown in this record.

In March 1951 the City notified those occupying abutting property that the Commonwealth had undertaken to reconstruct these streets and proposed to widen the carriageway 6 feet by narrowing the sidewalks 3 feet on each side. The abutting owners were directed to remove their basements, excavations and installations under the sidewalks which would interfere with the widening of the carriageway, and to furnish adequate lateral and subjacent support. The right of the property owners to have made use of the sub-surface under the sidewalks prior to the proposed reconstruction of the streets is not in question.

The Commonwealth is undertaking the improvement of these streets under conveyances made to it by the City pursuant to the provisions of KRS 177.045. Some question is raised concerning these conveyances which we will discuss later.

Appellants contend: (1) neither the City nor the state has the right, power, or authority to widen the carriageway as proposed; and (2) if they do have such right, the abutting property owners may not be required to bear the expense of altering their premises so as to conform to the plan of reconstruction.

Appellants' first argument is that the right of the state to carry out the project is purely derivative, with which we agree; and that the City did not itself have the power to widen the carriageway as proposed, with which we cannot agree. Appellants point out that under KRS 93.050 the Department of Public Works of a first class city, as Louisville is, has exclusive control of the improvement, construction, reconstruction, and use of all public ways, but does not have authority to *widen* streets as do cities of the second, third and fourth classes under KRS 94.360. There are two answers to this contention.

In the first place, the City and the state do not propose to widen Second and Third Streets. Those streets are now, and have been for a great number of years, 60 feet wide. The plan is to change the *use* of those public ways by increasing the width of the carriageway and narrowing the width of the sidewalks. KRS 93.050 specifically gives to the City through its Department of Public Works exclusive control of the "use of all public ways," and the proposed improvement is simply a change in such use as between vehicular and pedestrian traffic.

In the second place, if the project may be considered as widening the public way, it seems that this might well be a necessary incident to the reconstruction or improvement of the public way over which the City is likewise given exclusive control under KRS 93.050.

In the case of George v. City of Raceland, 279 Ky. 316, 130 S.W.2d 825, relied upon by appellants, a city of the fifth class proposed to assess against property owners abutting a sewer line the cost of constructing a sewage disposal plant. We held that since the municipality was not given this specific authority, although cities of other classes were, the power to construct sewers could not be extended to include the construction of a plant. This case has no bearing on our conclusion that the City and the state do not propose to widen Second and Third Streets, and the statute there involved was not nearly so comprehensive as KRS 93.050.

█ Appellants raise some question about the propriety or definiteness of the conveyances to the Commonwealth by the City of Louisville under KRS 177.045, but this is not a matter in which the abutting property owners have any interest. The state is in a sense acting as the agent of the City and if the principal and the agent are satisfied with the terms under which the work is being done, and the principal has the authority to undertake the work, appellants could have no legally recognizable complaint. In addition, it seems to us the conveyances in question are valid and effective grants under KRS 177.045 which authorize the Commonwealth to proceed with this project.

█ Since we have determined that the City has the power to carry out the plan of reconstruction, appellants must, as the Chancellor decided, abandon their use of the ground under the right of way to the extent that it interferes with the public easement over the surface. It is settled that the rights of abutting property owners are subservient to the rights of the public in the full enjoyment of its public ways. See McQuillin, Municipal Corporations (3rd Ed.), Vol. 10, Sect. 30.54; Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785; and City of Fulton v. Penny, 273 Ky. 465, 116 S.W.2d 963.

Appellants' second contention is that if it is necessary for them to remove their installations because of the superior public right, the City or the state should bear the cost of such alterations. This contention is grounded on the theory that the abutting property owners must bear the original cost of street construction but are not required to contribute to its future maintenance or improvement. See Commonwealth v. Tate, 297 Ky. 826, 181 S.W.2d 418. That is true, but here appellants are not called upon to bear any cost of the reconstruction project. Yet, as we have pointed out, at all times their right to the use of their property is subordinate to the public right to the enjoyment of its easement.

██ The recognized public prerogative not only includes the user of the public way, but also includes the right to have abutting property owners refrain from any utilization of their property which would interfere with the proper maintenance and improvement of such way. This requires the furnishing of adequate subjacent and lateral support. See McQuillin, Municipal Corporations, (3rd Ed.), Vol. 10, Sects. 30.38, 30.85; Village of Haverstraw v. Eckerson, 192 N.Y. 54, 84 N.E. 578, 20 L.R.A.,N.S., 287; and Swaim v. City of Indianapolis, 202 Ind. 233, 171 N.E. 871, 173 N.E. 287. Since the public is entitled to such support in the exercise of its easement, the cost of maintaining or not interfering with it must necessarily fall upon the property owner.

Appellants' dominion over their property so long as it does not interfere with the proper use of the street by the public is not in question, but as certain of their uses now interfere with the public right, they or their representatives must restore, so far as is necessary, the original support to the street.

In our opinion the Chancellor's judgment properly decided the issues presented.

The judgment is affirmed.