UNKNOWN HEIRS, DEVISEES, LEGATEES AND ASSIGNS OF William P. DEVOU, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Spouses of the Unknown Heirs, Devisees, Legatees, and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Devou Minor Heirs, Appellants,

v.

CITY OF COVINGTON, a Municipal Corporation of 2nd Class, etc.; First National Bank & Trust Company of Covington, Kentucky, etc.; Fifth Third Bank of Cincinnati, Ohio, Co–Trustee, etc.; Richard Dickman, Individually; Richard Dickman (as Representative of the Public at Large); Joyce Hatfield; Lisa Ringo Harmon; Shirley Scholer; Daniel R. Dilts; Louis Toerner; Grace Roebel (Representative of Kenton Hills Civic Association); Sara E. Devou Ryan; Patricia Lee Lynch; Donna McDowell; Kerry Lafountain; William C. Lynch; Georgia Mae (Devou) Welch;

Elizabeth Dickerson; Ron ("Ronald") Devou; Thomas Lynch; Patrick Lynch; Helen Ida Nodder (Richards) Devou; Lester Morton Nodder Devou; William Devou; Dan Charles Devou; James Michael Devou, Appellees.

Sara E. Devou RYAN; Patricia Lee Lynch; Donna McDowell; Kerry Lafountain; William C. Lynch; Georgia Mae Devou Welch; Elizabeth Dickerson; Ronald Devou; Thomas Lynch; Patrick Lynch; Helen Ida Nodder Devou Richards; Lester Morton Nodder Devou, Appellants,

v.

CITY OF COVINGTON, a Municipal Corporation of 2nd Class, etc.; First National Bank & Trust Company of Covington, Kentucky, etc.; Fifth Third Bank of Cincinnati, Ohio, Co–Trustee, etc.; Richard Dickman, Individually; Richard Dickman (as Representative of the Public at Large); Unknown Heirs, Devisees, Legatees and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Spouses of the Unknown Heirs, Devisees, Legatees, and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Devou Minor Heirs; Joyce Hatfield; Lisa Ringo Harmon; Shirley Scholer; Daniel R. Dilts; Louis Toerner; Grace Roebel, Individually; Grace Roebel (Representative of Kenton Hills Civic Association); William P. Devou; Dan Charles Devou; and James Michael Devou, Appellees.

William P. DEVOU; Dan Charles Devou; and James Michael Devou, Appellants,

v.

CITY OF COVINGTON, a Municipal Corporation of 2nd Class, etc.; First National Bank & Trust Company of Covington, Kentucky, etc.; Fifth Third Bank of Cincinnati, Ohio, Co–Trustee, etc.; Richard Dickman, Individually;

Richard Dickman (as Representative of the Public at Large); Unknown Heirs, Devisees, Legatees and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Spouses of the Unknown Heirs, Devisees, Legatees, and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Devou Minor Heirs; Joyce Hatfield; Lisa Ringo Harmon; Shirley Scholer; Daniel R. Dilts; Louis Toerner; Grace Roebel, Individually; Grace Roebel (Representative of Kenton Hills Civic Association); Kenton Hills Civic Association, an Unincorporated Association; Lester Morton Nodder Devou; Ronald Devou; Elizabeth Dickerson; Kerry Lafountain; Patricia Lee Lynch; Patrick Lynch; Thomas Lynch; William C. Lynch; Donna McDowell; Helen Ida Nodder Devou Richards; Sara Devou Ryan; Georgia Mae Devou Welch, Appellees.

Joyce HATFIELD; Lisa Ringo Harmon; Shirley Scholer; Daniel R. Dilts; Louis Toerner; Grace Roebel; Kenton Hills Civic Association, Appellants,

v.

CITY OF COVINGTON, a Municipal Corporation of 2nd Class, etc.; First National Bank & Trust Company of Covington, Kentucky, etc.; Fifth Third Bank of Cincinnati, Ohio, Co–Trustee, etc.; Richard Dickman, Individually; Richard Dickman (as Representative of the Public at Large); Unknown Heirs, Devisees, Legatees and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Spouses of the Unknown Heirs, Devisees, Legatees, and Assigns of William P. Devou, Jr., Charles P. Devou and Helen M. Devou; and the Unknown Devou Minor Heirs; Sara E. Devou Ryan; Patricia Lee Lynch; Donna McDowell; Kerry Lafountain; William C. Lynch; Georgia Mae Devou Welch; Elizabeth

Dickerson; Ronald Devou; Thomas Lynch; Patrick Lynch; Lester Morton Nodder Devou; Helen Ida Nodder Devou Richards; William Devou; Dan Charles Devou and James Michael Devou, Appellees.

Nos. 89–CA–938–MR, 89–CA–996–MR, 89–CA–998–MR and 89–CA–1000–MR.

Court of Appeals of Kentucky.

April 19, 1991.

Discretionary Review Denied by Supreme Court Oct. 16, 1991.

Patricia M. Summe, Summe & Summe, Fort Wright, for William P. Devou, Jr., Charles P. Devou, Helen M. Devou (The Unknown Heirs–Devisees, etc.).

Charles H. Deters, Eric C. Deters, Deters, Benzinger & Lavelle, P.S.C., Covington, for Sara E. Devou Ryan, Patricia Lee Lynch, Donna McDowell, Kerry LaFountain, William C. Lynch, Georgia Mae Devou Welch, Elizabeth Dickerson, Ronald Devou, Thomas Lynch, Patrick Lynch, Helen Ida Nodder Devou Richards, and Lester Morton Nodder Devou.

John B. Pinney, J. Jeffrey Landen, Graydon, Head & Ritchey, Cincinnati, Ohio, for William P. Devou, Dan Charles Devou and James Michael Devou.

Stephen J. Elsbernd, Lange, Quill & Powers, P.S.C., Newport, for Joyce Hatfield, Lisa Ringo Harmon, Shirley Scholer, Daniel R. Dilts, Louis Toerner, Grace Roebel, individually and as representatives of the Kenton Hills Civic Ass'n and Kenton Hills Civic Ass'n.

Joseph T. Condit, Rita Ferguson, Condit & Ferguson, Covington, for City of Covington (a Municipal Corp. of Second Class, etc.).

James G. Woltermann, Gerald F. Dusing, Adams, Brooking, Stepner, Woltermann & Dusing, Covington, for First Nat. Bank & Trust Co. of Covington, Kentucky, etc., Fifth Third Bank of Cincinnati, Ohio, Co–Trustees of William P. Devou Trust and Richard Dickman, Representative of Public-at-Large.

Before DYCHE, EMBERTON and HAYES, JJ.

DYCHE, Judge.

On November 28, 1910, William P. Devou, Charles P. Devou and his wife, Helen M. Devou, donated a tract of land of approximately 700 acres to the Covington Board of Park Commissioners. This tract of land comprises a major part of what is now known as Devou Park, and was given by the Devou family as a memorial to William P. Devou, Sr., and Sarah Odgen Devou, the parents of William P. Devou, Jr., and Charles P. Devou. The land was given to the Board of Park Commissioners (the successor to which is the City of Covington) under twenty-three specific "conditions and limitations." Those conditions and limitations are as follows:

FIRST

The City of Covington to expend $100,000.00, to make the necessary improvements during the period of six years, beginning January 1, 1911, not less than $35,000.00 of same to be expended for said purpose upon said property by January 1, 1913, and the City to appropriate all further funds required as years and necessity may demand.

SECOND

The City to levy each year not less than $10,000.[00] or more as required on the general duplicate to cover the expenses of maintaining policing, lighting, insuring of buildings and painting and repairing all buildings and residence, boulevards, driveways, cement walks, sewering, repairing and painting all buildings and fences, and in fact, repairs of all kinds in and to the park.

THIRD

To grant Street railway or traction companies a right of way only upon binding agreement to pay full, reasonable value for said right or rights of way. The Street railway or traction companies to build only on either or both sides of Boulevards or driveways and absolutely to construct their own roadbed and lay their own tracks, set poles and string wires at their own expense and under no consideration whatsoever to occupy boulevards or driveways constructed by the City; they [are] to light, maintain and repair their tracks and right of way.

FOURTH

The City to construct a boulevard, sixty (60) feet wide, with cement walk from end of Main Street in West Covington, through the Park to a point about the intersection of the Amsterdam Pike and the Street Railway Company's crossing, with branch road around Boone Point, on Montague Place.

FIFTH

The City to construct a boulevard sixty (60) feet wide [sic] with cement walk on one side (or some less in width at difficult points on hill sides), beginning at a point close to Devou and John Paul Corner on Western Avenue, over and across

as projected by William P. Devou, Jr., past Gibson and Hayes Houses, and then in a Northwesterly course to the Lagoon and Ludlow, with a branch to the top of the East Gibson hill overlooking Covington; also a branch past the Devou family residence on North to the Smith field; and also to brow of hill overlooking West Covington and Cincinnati.

SIXTH

To construct a boulevard, sixty (60) feet wide, with cement walk starting at Lewis and Montague street and on the North side of Creek, from the old Gibson Road to the top of the hill by the old Gibson House, and on through the Tibbetts, Manly and Eubank Miller tracts to Ludlow.

SEVENTH

To construct a driveway to and around Fort Bates.

EIGHTH

Picnic and play grounds, golf courses, tennis courts and hand ball grounds must be restricted to certain localities.

NINTH

Wading and bathing pools to be separated for either sex, to protect the youths' morals.

TENTH

Heavy teaming not to be permitted on boulevards.

ELEVENTH

No beer or liquor to be sold or dispensed gratuitously upon park premises either for large or small picnic parties.

TWELFTH

The several fine springs and wells to be carefully preserved.

THIRTEENTH

The City to establish within a period of three years from January 1, 1911, green houses and nurseries for its own use.

FOURTEENTH

The City to plat the park, police, light and maintain said land for park purposes only, solely and only as a free park for the public.

FIFTEENTH

Charles P. Devou reserves the house, cabin, barn, barn lot and reasonable garden spot for two years, known as Montague House.

SIXTEENTH

Charles P. Devou and wife to have unrestricted use of family residence, house lot, cottage at barn, and barn and lot, necessary pasture and meadows for their own use during their joint lives, and for the use of the survivor of them during life time of such survivor.

SEVENTEENTH

At their death residence to be remodeled and added to and to be used as an art museum or library.

EIGHTEENTH

The City to use all receipts for privileges, street railroad rights of way, sale of sand and stone and clay to purchase adjoining lands to add to the Devou Park and to be held under the same name and title, or said receipts from said sources to be applied by the City or the Board of Park Commissioners for the maintenance or beautifying of said Park, as it in its judgment may determine.

NINETEENTH

Park lands are not to be encumbered in any way but kept free from debt, all taxes and assessments which may be levied to be paid by the City of Covington; the City to pay taxes levied for the year 1911 payable in 1911. The City is to assume back City Taxes on steep hillsides which were assessed by mistake as City Lots.

TWENTIETH

The right and privilege is given to the City of Covington, or to the Board of Waterworks of the City of Covington, at any time it may see fit to do so, to construct an auxiliary reservoir on said premises, together with the necessary stand pipes and pumping Stations. Surrounding grounds to be for and maintained as a Park by Board of Water Works.

TWENTY–FIRST

In case of failure upon the part of the City of Covington or the Board of Park Commissioners of the said City to carry out all or any of these conditions, said Devou Park and such additions as may

be made from time to time to it from the sources herein provided, shall revert back to William P. Devou, Jr., and Charles P. Devou or their heirs.

TWENTY–SECOND

No beer or liquor shall be sold or dispensed gratuitously upon Park Premises.

TWENTY–THIRD

The lands herein described are conveyed to the City of Covington in consideration of and upon the conditions named, and should the City of Covington acting for itself or through its Board of Park Commissioners fail or refuse to perform or carry out any of the conditions herein provided for, then and in that event, the land herein conveyed together with such additions and improvements as shall have been made thereon, shall revert back, at their option, to William P. Devou, Jr., and Charles P. Devou, their heirs or assigns.

In addition to these conditions and limitations, the deed contained "recommendations and suggestions as to the use of the park grounds," which were as follows:

1st. We request that in connection with the laying out of the park that the City or the Board of Park Commissioners employ a competent engineer to map out and to in a general way direct the first improvements of the park grounds. They have in mind such a person as William Salway, Superintendent of Spring Grove Cemetery, who, grantors think, ought to be employed or at least as consulting engineer.

2nd. That there be constructed such further driveways as the engineer may from time to time devise.

3rd. That at some time the boulevard described in Sect 4th of the above enumerated conditions, be extended on through to the Lexington Pike Tracts.

4th. They suggest the raising of fills at Sixth and Seventh Streets to Western Ave. to make access easy to the Western Ave. boulevard.

5th. They suggest that the City by proper ordinances annex the park lands to the City of Covington.

6th. That whatever refreshment privileges the City or the Park Board may let from time to time, be let only to responsible parties and those parties be required to furnish wholesome materials.

7th. No hunting or malicious destruction of birds or game, trees or shrubbery to be permitted.

8th. The present stock law should be enforced, which will save hundreds of dollars in building fences.

9th. Charles P. Devou should be elected a member of the Park Board so far as this Park is concerned.

10th. Automobiles and motor-cycles, when using the boulevards and driveways of said park, should be limited to the lowest practicable speed.

In 1929 by *inter vivos* trust, William P. Devou established a fund for improvements to the park; his will, probated in December, 1937, created a testamentary trust for the construction of a memorial building in the park and general improvements to the park. The First National Bank & Trust Company of Covington (now Kentucky National Bank) and the Fifth–Third Bank of Cincinnati are presently co-trustees of these two trusts.

On October 27, 1982, the City of Covington filed this action seeking to quiet title to the lands known as Devou Park in the city and requesting that the conditions and limitations in the deed from the Devou family to the city be deemed by the court to be unenforceable as obsolete or waived; the petition further requested that the court declare that the heirs of the original grantors have no right, title or interest in Devou Park.

The only condition and limitation in the original deed which the city did not seek to nullify by its action was that the land be used for park purposes only. This action was certified by the Kenton Circuit Court as a class action, and Richard Dickman was selected as class representative of the citizens of Kenton County, Kentucky, general users of the park. A warning order attorney/guardian ad litem was appointed to represent the unknown heirs, devisees, legatees and assigns and unknown minor heirs

of William P. Devou, Jr., Charles P. Devou and Helen M. Devou. An initial bench trial was held by the court on October 25, 1985.

Prior to the entry of judgment in that matter, on November 5, 1985, Joyce Hatfield and other residents of Kenton Hills (a neighborhood of the City of Covington adjacent to parts of Devou Park and to which the only access is had through Devou Park) moved the court to intervene, which motion was granted.

The court entered findings of fact, conclusions of law and judgment as to Count II (the right, title or interest of the Devou heirs in Devou Park) on January 27, 1986. On September 15, 1986, the court allowed Sara E. Devou Ryan, Patricia L. Lynch, Donna McDowell and Kerry Lafountain to intervene as heirs. The court held a further trial in this action on October 2 and 3, 1986. Following that trial, on November 24, 1986, William C. Lynch, Georgia Mae Devou Welch, Elizabeth Dickerson, Ron Devou, Thomas Lynch, Patrick Lynch, Helen Ida Nodder Devou, Lester Morton Nodder Devou, William P. Devou, Dan Charles Devou and James Michael Devou were allowed to intervene as heirs.

On the 27th day of March, 1988, the court entered further findings of fact, conclusions of law and judgment holding that the Devou heirs had no right, title and interest in Devou Park in that the deed retained to the Devou family a right of reentry, rather than possibility of reverter. The aforementioned right, the court held, had ceased to be valid or enforceable thirty years after its effective date due to the operation of KRS 381.221. The court held that Devou Park was owned in fee simple by the City of Covington to be used as a park for the public.

The court further held that the conditions and restrictions in the original deed were no longer enforceable by the Devou heirs and were therefore "in essence, void." The court's reasoning was that "due to a change of conditions, the restrictions contained in the Devou deed make it impossible 'to secure in a substantial degree the benefits sought to be realized

through the performance of a promise respecting the use of the land.' "

The court found that it was proven through the testimony of the witnesses that the city could no longer maintain the park for the benefit of the public if limited to the conditions in the deed, holding

[t]he restrictions have no value since to enforce them would destroy the Park. Thus the primary purpose of the grant would be negated if the secondary restrictions were to be enforced. The court must uphold the primary purpose or promise as to the land. In order to do so, it hereby declares the restrictions void.

The court then entered judgment quieting title to Devou Park in the City of Covington for public park purposes, declaring the conditions in the original Devou deed void. It also maintained

continuing jurisdiction to enforce the dedication of Devou Park lands held by the City of Covington in trust for the public for public park purposes, and includes, by way of example, but is not necessarily limited to, jurisdiction to determine the reasonableness of any proposed activity and/or user fees, or specific development proposals affecting land usage or grants of rights, interests or development of Devou Park lands, in order to determine whether or not such specific proposals are consonant with the dedication of Devou Park lands as a public park.

Motions for a new trial, for additional findings of fact and to vacate the judgment were denied, and appeals were taken.

The original appeals from that judgment were dismissed as being taken from a non-final judgment. Following that dismissal, the above described findings of fact, conclusions of law and judgment were entered and made final and the present appeals followed. Four separate appeals have been prosecuted: (1) by the guardian ad litem/warning order attorney on behalf of the unknown heirs, etc.; (2) and (3) an appeal each by the two groups of putative heirs; and (4) by the Kenton Hills Civic Association. Because many of the issues

raised by appellants are in common, we will consider the appeals jointly.

■ The heirs (unknown and putative) first argue that the original deed to the city created a possibility of reverter in the Devou family, rather than a right of re-entry as ruled by the trial court, which cited *Scott County Board of Education v. Pepper*, Ky., 311 S.W.2d 189 (1958), as illustrating the distinction between the two estates:

> The quoted words from the deed to the Board are not the usual words of limitation such as "during," "as long as," "until," and the like which result in creating an estate upon limitation, automatically terminating at the time specified [reverter]. Nor are they the usual words of condition such as "on condition that," "provided that" or "on these express conditions," which technically require an ejectment or re-entry to cause the title to revert.
>
> . . . .
>
> This Court has consistently held to the general rule in deeds of this nature and refused to create a right of reversion where none was expressly stated or inescapably implied.

311 S.W.2d at 190 (citations omitted). Looking at the Devou deed as a whole, we do not find that a possibility of reverter was expressly stated or "inescapably implied." We agree with the trial court that the document as a whole provides for a right of re-entry upon condition broken rather than a possibility of reverter as argued on behalf of the heirs.

The Kentucky Perpetuities Act of 1960, specifically KRS 381.218 through 381.223, made any right of entry invalid at the time of the trial, as no re-entry had been exercised by the Devou heirs, and no declaration of intention to preserve that right had been filed for record with the county clerk in Kenton County.

KRS 381.221 provides in part as follows: Termination and Preservation of Forfeiture Restrictions Created Before July 1, 1960. (1) Every possibility of reverter and right of entry created prior to July 1, 1960, shall cease to be valid or enforceable at the expiration of thirty (30) years after the effective date of the instrument creating it, unless before July 1, 1965, a declaration of intention to preserve it is filed for record with the county clerk of the county in which the real property is located.

The heirs argue that the conditions to trigger the reverter had occurred prior to the passage of the statute by the General Assembly and therefore title to the property had immediately re-vested in them, and the statute was inapplicable to the present situation. As we have ruled that the right created by the deed was a right of entry rather than a possibility of reverter, this argument must fail.

■ KRS 381.221 is challenged as unconstitutional, it being alleged that this statute is violative of the due process rights of the Devou heirs under the Fifth and Fourteenth Amendments of the United States Constitution. This statute was upheld against Constitutional attack under Section 19 of the Kentucky Constitution in *Cline v. Johnson County Board of Education*, Ky., 548 S.W.2d 507 (1977). The federal constitutional issues pertaining to this statute were decided contrary to the Devou heirs in *Atkinson v. Kish*, Ky., 420 S.W.2d 104, 109 n. 5 (1967). The United States Supreme Court has also held such statutes constitutional in *Texaco, Inc. v. Short*, 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982), and *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985). We are loathe to hold differently.

The next argument advanced on behalf of the heirs is that the trial court erred when it failed to return the land and the trust corpus to the heirs since the charitable purpose of the gift failed. We will say only that the ruling of the trial court in this matter is not clearly erroneous.

■ The final substantive argument for the heirs, and also Kenton Hills Civic Association, is that the trial court was in error in voiding all of the original conditions in the Devou deed.

We agree with the heirs and the Kenton Hills Civic Association that the ruling by

the trial court on the Devou heirs' lack of right to the property does not forbid others from bringing an action to enforce the conditions contained in the deed. *City of Hopkinsville v. Jarrett,* 156 Ky. 777, 162 S.W. 85 (1914).

Next we must decide whether the conditions and restrictions imposed in the original Devou deed can be waived or set aside as done by the court in its judgment. The general law applicable to this area was well stated in an Illinois case, *City of Alton v. Unknown Heirs, Devisees or Assigns of Rufus Easton,* 95 Ill.App.3d 1072, 54 Ill.Dec. 252, 424 N.E.2d 1155 (1981):

> [A]n owner making a dedication of land to the public has the right to specify the particular use to which the land is to be devoted and to impose such restrictions as he sees fit on such use. Land so dedicated cannot be applied to any other use, nor can the restrictions be destroyed.

54 Ill.Dec. at 257, 424 N.E.2d at 1160. Our highest court has recently spoken on this principle in *Historic Licking Riverside Civic Association v. City of Covington,* Ky., 774 S.W.2d 436 (1989).

> We turn now to some basic premises from Powell on Real Property, Vol. 6A, § 926, "Dedication":
>
> > "Dedication is the term applied to a transfer of the ownership of land or of a privilege to use it to the public for a public purpose." *Id.* at 84–80.
>
> > . . . .
>
> > "The statement of purpose in the original dedication operates to fix an outer limit on changes in use." *Id.* at 84–104.
>
> > "[T]he courts have liberally invoked the concept of *cy pres* to expand an original dedication. Nevertheless, there are limits on these enlargements or alterations of use." *Id.* at 84–105–06.
>
> The municipality is "under a duty to make proper and conforming use of the dedicated property for as long as such designated use continues to serve the public interest." *Id.* at 84–107.

774 S.W.2d at 440. *City of Hopkinsville v. Jarrett, supra,* recognizes that the donor in this type situation has the right "to impose on the gift any condition not unreasonable or contrary to public policy." 156 Ky. at 781, 162 S.W. at 87. It may well be that one or more of the conditions are against public policy; the trial court, upon remand, shall make this determination.

It was clear error for the trial court to set aside the original restrictions in a wholesale manner.

Our Supreme Court, however, in *Historic Licking Riverside, supra,* recognized that deed restrictions and conditions can be changed to a certain degree to make them "consistent with the time," as first espoused in *City of Hazard v. Eversole,* 313 Ky. 254, 230 S.W.2d 921 (1950).

The *City of Hazard* case involved the dedication of a roadway at the time when foot and horseback were the primary, if not sole, means of transportation; several years later an injunction was sought to forbid automobile traffic over the dedicated area. Our highest Court said:

> We come to consider the question of whether the city and the public are limited to using the strip of land by pedestrians and horseback riders or, with a team of oxen, as the evidence shows was occasionally done in years gone by. Reaching the conclusion that there was a dedication to public use or, what is the same for practical purposes, an estoppel of the heirs of the deceased owner to deny the right of the public, it would seem to follow as of necessity that the character of the use changed with the times and modes of travel. Dedication is not confined to the usages known at the time. It includes the right of the public to use the property in such a way as is convenient and comfortable, according to changed conditions and methods of travel. The ordinary or customary current method is, of course, by automobile.

313 Ky. at 258, 230 S.W.2d at 924.

This concept was expanded by our Supreme Court in *Historic Licking Riverside, supra,* which upheld the dedication of land to public use and the restrictions

placed thereon, but further stated that "Dedication of land to public use is not confined to usages known at the time of dedication. It includes the right of the public to use the property in other ways 'convenient and comfortable, according to changed conditions.'" 774 S.W.2d at 441 (citation omitted).

The conditions and restrictions, therefore, must stand, but upon remand it will be the duty of the trial court to determine which, if any, are either against public policy, or which usages of the property will conform to the restrictions but still be "convenient and comfortable," according to changed conditions, without violating the "conforming use" doctrine. It may be that the "Urgent Devou Park" plan can, at least in part, be accomplished without violating the conditions and restrictions. The plan recognizes what we would consider to be an appropriate role for Devou Park, if the evidence presented so warrants: a "regional recreation park" featuring family oriented sports and activities. The burden of proof on the city, when attempting to show changed conditions sufficient to change the restrictions, is a high one; the evidence in the record thus far does not meet that burden. We seriously doubt that the restrictions on alcohol could ever be overcome.

Having ruled thusly, we find it unnecessary to reach the procedural shortfalls alleged by the Devou heirs and the Kenton Hills Civic Association, and other propounded arguments are moot.

The judgment of the Kenton Circuit Court is affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.

All concur.